**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REESHEMAH JONES, | ) | CASE NO. CV 14-04294 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

      The Administrative Law Judge found Plaintiff Reeshemah Jones disabled as of July 27, 2012, but not before. Plaintiff challenges the determination that she was not disabled prior to July 27, 2012.

      According to the Administrative Law Judge, Plaintiff had severe impairments concerning her back: cervical and lumbar degenerative disc disease with radiculopathy. [AR 20] Plaintiff's primary argument is that there was medical evidence in the record that showed she had similar problems prior to July 27, 2012. However, the Administrative Law Judge properly evaluated the evidence, and found otherwise. He was within his authority in doing so.

      The July 27, 2012 date comes from a consultant's examination conducted one month before that date. [AR 368, referenced by the Administrative Law Judge, AR 24] Accordingly, there was substantial evidence supporting this finding. Plaintiff points to a

prior report in 2004 but, as the Administrative Law Judge concluded, there was scant evidence between 2004 and 2012 indicating any impact from any such impairment. The Administrative Law Judge documented that there were only a few references to back pain during this time; that Plaintiff was treated conservatively, with symptoms treated primarily with medications; and that as late as 2011, one year before the record established disability, that Plaintiff underwent a consultative physical exam that was essentially unremarkable. [AR 23] Perhaps another administrative law judge could have teased out from these records an earlier onset date; but the records were susceptible to the interpretation the Administrative Law Judge gave them, and that is the end of the matter. *Batson v. Commissioner*, 359 F.3d 1190, 1196 (9th Cir. 2004).

Plaintiff also complains that the Administrative Law Judge improperly determined that, prior to the onset date, Plaintiff had a residual functional capacity to perform work at a medium exertional level. The record, however, supports the Administrative Law Judge here. Thus, as noted, Plaintiff had a consultative examination on May 20, 2011. [AR 255] The consultant concluded at that time that Plaintiff retained the capacity to perform medium level work. [AR 259] The Administrative Law Judge referenced this report [AR 23], and therefore there was substantial evidence in the record supporting the Administrative Law Judge's determination. Plaintiff's only contrary argument is that it cannot be that she was not disabled in 2011 but then became disabled in 2012. But the medical record showed otherwise.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: March 23, 2015

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE